Stephen M. Doniger, Esq. (SBN 179314)
Email: stephen@donigerlawfirm.com
Scott A. Burroughs, Esq. (SBN 235718)
Email: scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
Email: tbarrett@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED FABRICS INTERNATIONAL, INC., | Case No.: 2:15-cv-03521-RGK-JEM |
| | *Referred to Honorable Judge John E. McDermott* |
| Plaintiff, | |
| | [DISCOVERY MATTER] |
| vs. | **[~~PROPOSED~~] PROTECTIVE ORDER** |
| AGAIN TRADING CORP., a New York Corporation; ROSS STORES, INC., a California Corporation, individually and doing business as "DD'S DISCOUNT"; and DOES 1-10, | |
| Defendant. | |

Having considered the parties' pleadings on file to date, and the parties' jointly submitted Stipulation for Entry of a Protective Order to govern the handling of information and materials produced in the course of discovery or filed with the Court in this action, the Court determines as follows:

**GOOD CAUSE STATEMENT**

It is the intent of the parties and the Court that information will not be designated as confidential in this case for tactical reasons, and that nothing shall be designated without a good faith belief that there is good cause why it should not be part of the public record.  Examples of confidential information that the parties may seek to protect from unrestricted or unprotected disclosure include:

(a)  Information that is the subject of a contractual non-disclosure or confidentiality agreement or obligation, and/or Protective Order issued in another case;

(b)  The names, or other information tending to reveal the identity of a party's supplier, distributor, or designer;

(c)  Agreements with third-parties, including license agreements, distributor agreements, manufacturing agreements, design agreements, development agreements, supply agreements, sales agreements, or service agreements;

(d)  Research and development information;

(e)  Proprietary engineering or technical information, including product design, manufacturing techniques, processing information, drawings, memoranda and reports;

(f)  Information related to budgets, sales, profits, costs, margins, licensing of technology or designs, product pricing, or other internal financial/accounting information, including non-public information related to financial condition or performance and income or other non-public tax information;

2

(g)    Information related to internal operations including personnel information;

(h)    Information related to past, current and future product development;

(i)    Information related to past, current and future market analyses and business and marketing development, including plans, strategies, forecasts and competition; and

(j)    Trade secrets (as defined by the jurisdiction in which the information is located).

Unrestricted or unprotected disclosure of such confidential technical, commercial or personal information would, in the producing party's opinion, result in prejudice or harm to the producing party by revealing the producing party's competitive confidential information, which has been developed at the expense of the producing party and which represents valuable tangible and intangible assets of that party.  Additionally, legitimate privacy interests must be safeguarded. Accordingly, the parties respectfully submit that there is good cause for the entry of this Protective Order.

The parties agree, subject to the Court's approval, that the following terms and conditions shall apply to this civil action.

1.    <u>Designated Material</u>.

1.1    Information or material may be designated for confidential treatment pursuant to this Protective Order by any party, person or entity producing or lodging it in this action (the "Designating Party"), if:  (a) produced or served, formally or informally, pursuant to the Federal Rules of Civil Procedure or in response to any other formal or informal discovery request in this action; and/or

(b) filed or lodged with the Court.  All such information and material and all information or material derived from it constitutes "Designated Material" under this Protective Order.

1.2    Unless and until otherwise ordered by the Court or agreed to in writing by the parties, all Designated Materials designated under this Protective Order shall be used by the parties and persons receiving such Designated Materials ("Receiving Party") solely for litigation purposes, including any appellate proceeding relating thereto.  Designated Material shall not be used by any party or person receiving them for any business or any other non-litigation purpose.  No party or person shall disclose Designated Material to any other party or person not entitled to receive such Designated Material under the specific terms of this Protective Order.  For purposes of this Protective Order, "disclose" or "disclosed" means to show, furnish, reveal or provide, indirectly or directly, any portion of the Designated Material or its contents, orally or in writing, including the original or any copy of the Designated Material.

2.    Access to Designated Materials.

2.1    Materials Designated "CONFIDENTIAL":  Subject to the limitations set forth in this Protective Order, Designated Material may be marked "CONFIDENTIAL" for the purpose of preventing the disclosure of information or materials that the designating party in good faith believes is confidential. Before designating any specific information or material "CONFIDENTIAL," the Designating Party's counsel shall make a good faith determination that the information warrants protection under Rule 26(c) of the Federal Rules of Civil Procedure.  Such information may include, but is not limited to:

(a)    The financial performance or results of the Designating Party, including without limitation income statements, balance sheets, cash flow analyses, budget projections, sales records, and present value calculations;

1     (b)    Corporate and strategic planning by the Designating Party, including

2  without limitation marketing plans, competitive intelligence reports, sales

3  projections and competitive strategy documents;

4     (c)    Names, addresses, and other information that would identify

5  prospective customers, or the distributors or prospective distributors of the

6  Designating Party, however it is expressly understood and agreed that the names

7  of vendors and customers for the allegedly infringing goods at issue, other than

8  individuals, may shall not be deemed confidential, and Plaintiff is free to amend

9  the operative pleadings to add such customers as appropriate;

10    (d)    Technical data, research and development data, and any other

11  confidential commercial information, including but not limited to trade secrets of

12  the Designating Party;

13    (e)    Information used by the Designating Party in or pertaining to its

14  trade or business, which information the Designating Party believes in good faith

15  has competitive value, which is not generally known to others and which the

16  Designating Party would not normally reveal to third parties except in

17  confidence, or has undertaken with others to maintain in confidence;

18    (f)    Information which the Designating Party believes in good faith falls

19  within the right to privacy guaranteed by the laws of the United States or

20  California; and

21    (g)    Information which the Designating Party believes in good faith to

22  constitute, contain, reveal or reflect proprietary, financial, business, technical, or

23  other confidential information.

24    The fact that an item or category is listed as an example in this or other

25  sections of this Protective Order does not, by itself, render the item or category

26  discoverable.

27    2.1.0  Materials designated "CONFIDENTIAL" may be disclosed only to

28

the following Designees:

2.1.1  Persons who appear on the face of Designated Materials marked "CONFIDENTIAL" as an author, addressee, or recipient thereof;

2.1.2  Counsel retained as outside litigation attorneys of record in this action, and their respective associates, clerks, legal assistants, stenographic, videographic and support personnel, and other employees of such outside litigation attorneys, and organizations retained by such attorneys to provide litigation support services in this action and the employees of said organizations. "Counsel" explicitly excludes any in-house counsel whether or not they are attorneys of record in this action.

2.1.3  Consultants, including non-party experts and consultants retained or employed by Counsel to assist in the preparation of the case, to the extent they are reasonably necessary to render professional services in this action, and subject to the disclosure requirements of section 2.3.  Each consultant must sign a certification that he or she has read this Stipulated Protective Order, will abide by its provisions, and will submit to the jurisdiction of this Court regarding the enforcement of this Order's provisions.

2.1.4  A party's officers and/or employees, which may include in-house counsel.

2.1.5  The Court, its clerks and secretaries, and any court reporter retained to record proceedings before the Court;

2.2  Materials Designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY":  Subject to the limitations in this Protective Order, Designated Materials may be marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" for the purpose of preventing the disclosure of information or materials which, if disclosed to the receiving party, might cause competitive harm to the Designating Party.  Information and material that may be subject to this

1    protection includes, but is not limited to, technical and/or research and

2    development data, intellectual property, financial, marketing and other sales data,

3    and/or information having strategic commercial value pertaining to the

4    Designating Party's trade or business.  Nothing in paragraph 2.1 shall limit the

5    information or material that can be designated "HIGHLY CONFIDENTIAL –

6    ATTORNEYS' EYES ONLY" under this paragraph.  Before designating any

7    specific information "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

8    ONLY," the Designating Party's counsel shall make a good faith determination

9    that the information warrants such protection.

10         2.2.0  Materials designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

11    EYES ONLY" materials may be disclosed only to the following Designees:

12         2.2.1  Persons who appear on the face of Designated Materials marked

13    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" as an author,

14    addressee, or recipient thereof;

15         2.2.2  Counsel for the parties to this action, as defined in section 2.1.2;

16         2.2.3  Consultants for the parties to this action, as defined in section 2.1.3;

17    and

18         2.2.4  The Court, its clerks and secretaries, and any court reporter retained

19    to record proceedings before the Court.

20         2.2.5  Court reporters retained to transcribe depositions.

21

22         2.3    Legal Effect of Designation.  The designation of any information or

23    materials as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS'

24    EYES ONLY" is intended solely to facilitate the conduct of this litigation.

25    Neither such designation nor treatment in conformity with such designation shall

26    be construed in any way as an admission or agreement by the Receiving Party

27    that the Designated Materials constitute or contain any trade secret or confidential

28

1   information.  Except as provided in this Protective Order, the Receiving Party
2   shall not be obligated to challenge the propriety of any designation, and a failure
3   to do so shall not preclude a subsequent attack on the propriety of such
4   designation.

5        2.4    Nothing herein in any way restricts the ability of the Receiving Party
6   to use "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS'
7   EYES ONLY" material produced to it in examining or cross-examining any
8   employee or consultant of the Designating Party.

9        2.5    The parties agree that the Plaintiff may be provided by its counsel a
10  summary document, or oral summary, setting forth the alleged infringers' full
11  identities, revenues, and gross profits numbers, notwithstanding any party's
12  designation of documents showing such information as "HIGHLY
13  CONFIDENTIAL – ATTORNEYS' EYES ONLY". The parties further agree that
14  the identities and contact information of alleged infringers is not confidential, and
15  Plaintiff is free to name revealed alleged infringers as defendants in a lawsuit.

16       3.    Certificates Concerning Designated Materials.  Each Consultant as
17  defined in section 2.1.3, to whom any Designated Materials will be disclosed
18  shall, prior to disclosure of such material, execute the Acknowledgement of
19  Stipulated Protective Order in the form attached hereto as Exhibit A.  Counsel
20  who makes any disclosure of Designated Materials shall retain each executed
21  Acknowledgement of Stipulated Protective Order and shall circulate copies to all
22  Counsel for the opposing party concurrently with the identification of the
23  Consultant to the attorneys for the Designating Party pursuant at the conclusion
24  of the case or upon such consultants designation as an expert witness.

25       4.    Use of Designated Materials by Designating Party.  Nothing in this
26  Protective Order shall limit a Designating Party's use of its own information or
27  materials, or prevent a Designating Party from disclosing its own information or
28

1  materials to any person.  Such disclosure shall not affect any designations made

2  pursuant to the terms of this Protective Order, so long as the disclosure is made in

3  a manner that is reasonably calculated to maintain the confidentiality of the

4  information.

5      5.   <u>Manner of Designating Written Materials</u>.

6      5.1   Documents, discovery responses and other written materials shall be

7  designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL –

8  ATTORNEYS' EYES ONLY" whether in whole or in part, as follows.

9      5.2   The producing party shall designate materials by placing the legend

10  "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

11  ONLY" on each page so designated prior to production.  If the first or cover page

12  of a multi-page document bears the legend "CONFIDENTIAL," "HIGHLY

13  CONFIDENTIAL – ATTORNEYS' EYES ONLY" the entire document shall be

14  deemed so designated, and the absence of marking each page shall not constitute

15  a waiver of the terms of this Order.  If the label affixed to a computer disk

16  containing    multiple    files    bears    the    legend    "CONFIDENTIAL,"

17  "CONFIDENTIAL – ATTORNEYS' EYES ONLY" the entire disk shall be

18  deemed so protected, and the absence of marking of each file shall not constitute

19  a waiver of the terms of this Order.

20      5.3   A    designation    of    ""CONFIDENTIAL,"    or    "HIGHLY

21  CONFIDENTIAL – ATTORNEYS' EYES ONLY" as to any item, thing or

22  object that cannot otherwise be categorized as a document, shall be made: (1) by

23  placing the legend "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL –

24  ATTORNEYS' EYES ONLY" on the thing, object or container within which it is

25  stored; or (2) by specifically identifying, in writing, the item and the level of

26  confidentiality designation, where such labeling is not feasible.

27      5.4   When a party wishes to designate as "CONFIDENTIAL," or

28

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" materials produced by someone other than the Designating Party (a "Producing Party"), such designation shall be made:

5.4.1  Within fifteen (15) business days from the date that the Designating Party receives copies of the materials from the producing or disclosing entity; and

5.4.2  By notice to all parties to this action and to the Producing Party, if such party is not a party to this action, identifying the materials to be designated with particularity (either by production numbers or by providing other adequate identification of the specific material).  Such notice shall be sent by U.S. mail and either facsimile or e-mail.

5.4.3.  A party shall be permitted to designate as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material produced by a Producing Party only where:

a.  The material being produced was provided to or developed by such Producing Party: (i) under a written confidentiality agreement with the Designating Party; or (ii) within a relationship with the Designating Party (or a party operating under the control thereof) in which confidentiality is imposed by law (including, but not limited, to the employment relationship and the vendor-customer relationship); and

b.  The material being produced would be considered confidential material of the Designating Party under Section 2.1 of this Agreement if it were in the possession of the Designating Party.

5.5     Upon notice of designation, all persons receiving notice of the requested designation of materials shall:

5.5.1  Make no further disclosure of such Designated Material or information contained therein, except as allowed in this Protective Order;

5.5.2  Take reasonable steps to notify any persons known to have

1  possession of or access to such Designated Materials of the effect of such

2  designation under this Protective Order; and

3       5.5.3  If "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL –

4  ATTORNEYS' EYES ONLY" material or information contained therein is

5  disclosed to any person other than those entitled to disclosure in the manner

6  authorized by this Protective Order, the party responsible for the disclosure shall,

7  immediately upon learning of such disclosure, inform the Designating Party in

8  writing of all pertinent facts relating to such disclosure, and shall make every

9  effort to prevent further disclosure by the unauthorized person(s).

10       6.  <u>Manner of Designating Deposition Testimony</u>.

11       6.1  Deposition transcripts and portions thereof taken in this action may

12  be designated as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL –

13  ATTORNEYS' EYES ONLY" during the deposition or after, in which case the

14  portion of the transcript containing Designated Material shall be identified in the

15  transcript by the Court Reporter as "CONFIDENTIAL," or "HIGHLY

16  CONFIDENTIAL – ATTORNEYS' EYES ONLY."  The designated testimony

17  shall be bound in a separate volume and marked by the reporter accordingly.

18       6.2  Where testimony is designated during the deposition, the

19  Designating Party shall have the right to exclude, at those portions of the

20  deposition, all persons not authorized by the terms of this Protective Order to

21  receive such Designated Material.

22       6.3  Within thirty (30) days after a deposition transcript is certified by the

23  court reporter, any party may designate pages of the transcript and/or its exhibits

24  as Designated Material.  During such thirty (30) day period, the transcript in its

25  entirety shall be treated as "CONFIDENTIAL" (except for those portions

26  identified earlier as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

27  ONLY" which shall be treated accordingly from the date of designation).  If any

28

party so designates such material, the parties shall provide written notice of such designation to all parties within the thirty (30) day period. Designated Material within the deposition transcript or the exhibits thereto may be identified in writing by page and line, or by underlining and marking such portions "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and providing such marked-up portions to all counsel.

7.    Copies.  All complete or partial copies of a document that disclose Designated Materials shall be subject to the terms of this Protective Order.

8.    Court Procedures.

8.1    Disclosure of Designated Material to Court Officials.  Subject to the provisions of this section, Designated Material may be disclosed to the Court, Court officials or employees involved in this action (including court reporters, persons operating video recording equipment at depositions, and any special master, referee, expert, technical advisor or Third-Party Consultant appointed by the Court), and to the jury in this action, and any interpreters interpreting on behalf of any party or deponent.

8.2    Filing Designated Materials with the Court.  Nothing in this Order shall vary the requirements for filing under Seal imposed by the Federal Rules of Civil Procedure or the Local Rules of this Court.  If a party wishes to file with the Court any document, transcript or thing containing information which has been designated "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" the Party shall designate the material as set forth herein and file it with the Court in an application for filing under seal under the Local Rules of this Court, with the material bearing the legend:

**"[CONFIDENTIAL, or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY] INFORMATION SUBJECT TO PROTECTIVE ORDER."**

The Application for Filing under Seal must show good cause for the under seal

filing. Filing the document under seal shall not bar any party from unrestricted use or dissemination of those portions of the document that do not contain material designated "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If a filing party fails to designate information as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," any party who in good faith believes that designation and filing under seal is required by this Protective Order may move the Court to file said information under seal within five (5) days of learning of the defective filing. Notice of such designation shall be given to all parties. Nothing in this provision relieves a party of liability for damages caused by failure to properly sent, file Designated Material under seal.

8.3    In the event that the Court refuses to allow any document to be filed under seal, despite the Receiving Party's compliance with Section 8.2, the Federal Rules of Civil Procedure and Local Rules of this Court, the Receiving Party may, nonetheless, file such documents with the Court as part of the public record.

8.4    <u>Retrieval of Designated Materials</u>.  The party responsible for lodging or filing the Designated Materials shall be responsible for retrieving such Designated Materials from the Court following the final termination of the action (including after any appeals).

9.    <u>Objections</u>

9.1    A party may challenge any designation under this Protective Order at any time, on the grounds that the information or material does not meet the standards of Sections 1 and 2, by following the procedure of Local Rule 37 of this Court.

9.2    The parties shall meet and confer in good faith prior to the filing of any motion under this section.

10.    <u>Client Communication</u>.  Nothing in this Protective Order shall

prevent or otherwise restrict counsel from rendering advice to their clients and, in the course of rendering such advice, relying upon the examination of Designated Material.  In rendering such advice and otherwise communicating with the client, however, counsel shall not disclose any Designated Material, except as otherwise permitted by this Protective Order.

11.   <u>No Prejudice</u>.

11.1   This Protective Order shall not diminish any existing obligation or right with respect to Designated Material, nor shall it prevent a disclosure to which the Designating Party consented in writing before the disclosure takes place.

11.2   Unless the parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Protective Order shall not be admissible for any purpose during any proceeding on the merits of this action.

11.3   If any party required to produce documents contends that it inadvertently produced any Designated Material without marking it with the appropriate legend, or inadvertently produced any Designated Material with an incorrect legend, the producing party may give written notice to the receiving party or parties, including appropriately stamped substitute copies of the Designated Material.  If the parties collectively agree to replacement of the Designated Material, then the documents will be so designated.  Within five (5) business days of receipt of the substitute copies, the receiving party shall return the previously unmarked or mismarked items and all copies thereof.  If the parties do not collectively agree to replacement of the Designated Material, the producing party shall comply with the procedure of Local Rule 37 in seeking protection for the inadvertently produced material.  The Receiving Party shall maintain the alleged inadvertently produced material in accordance with the requested Designation for 60 days or ruling on an Motion under Local Rule 37,

1    whichever is earlier.

2          11.4   Neither the provisions of this Protective Order, nor the filing of any

3    material under seal, shall prevent the use in open court, in deposition, at any

4    hearing, or at trial of this case of any material that is subject to this Protective

5    Order or filed under seal pursuant to its provisions.  At deposition, the party using

6    Designated Material must request that the portion of the proceeding where use is

7    made be conducted so as to exclude persons not qualified to receive such

8    Designated Material.  At trial, the party using Designated Material must request

9    that the portion of the proceeding where use is made be conducted so as to

10   exclude persons not qualified to receive such Designated Material.  All

11   confidentiality designations or legends placed pursuant to this Stipulated

12   Protective Order shall be removed from any document or thing used as a trial

13   exhibit in this case.  The removal of such confidentiality designations or legends

14   under the preceding sentence shall not affect the treatment of such documents and

15   things as Designated Material under this Stipulated Protective Order.  Upon

16   request of a party, the parties shall meet and confer concerning the use and

17   protection of Designated Material in open court at any hearing.  Prior to the

18   pretrial conference, the parties shall meet and confer concerning appropriate

19   methods for dealing with Designated Material at trial.

20         11.5   Any inadvertent production of documents containing privileged

21   information shall not be deemed to be a waiver of the attorney-client privilege,

22   work product doctrine, or any other applicable privilege or doctrines.  All parties

23   specifically reserve the right to demand the return of any privileged documents

24   that it may produce inadvertently during discovery if the producing party

25   determines that such documents contain privileged information.  After receiving

26   notice of such inadvertent production by the producing party, the receiving party

27   agrees to make reasonable and good faith efforts to locate and return to the

28

1 producing party all such inadvertently produced documents.

2 12.    Modification and Survival.

3       12.1   Modification.  The Order shall be subject to modification by the Court

4 on its own initiative, or on Motion of a party or any other person with standing.

5 Accordingly, the parties reserve the right to seek modification of this Protective

6 Order at any time for good cause.  The parties agree to meet and confer prior to

7 seeking to modify this Protective Order for any reason. The restrictions imposed

8 by this Protective Order may only be modified or terminated by written

9 stipulation of all parties or by order of this Court.  Parties entering into this

10 Protective Order will not be deemed to have waived any of their rights to seek

11 later amendment to this Protective Order.

12      12.2   Trial.  The parties understand that this Protective Order does not

13 extend to material presented at the trial of this Action. Once the case proceeds to

14 trial, any information that is presented on the record during trial, whether or not

15 designated as confidential and/or kept and maintained pursuant to the terms of

16 this Protective Order, will be presumptively available to all members of the

17 public, including the press, unless good cause is shown to the district judge in

18 advance of the presentation of that material at trial to proceed otherwise.

19 However, any documents or things that have been designated as confidential do

20 not lose their protected character simply by virtue of having been presented as an

21 exhibit at trial.

22      12.3   Survival and Return of Designated Material.  This Protective Order

23 shall survive termination of this action prior to trial of this action.  Upon final

24 termination of the action prior to trial of this action, and at the written request

25 of the Designating Party, all Designated Material, including deposition

26 testimony, and all copies thereof, shall be returned to counsel for the

27 Designating Party (at the expense of the Designating Party) or (at the option

28

and expense of the requesting party) shall be destroyed.  Upon request for the return or destruction of Designated Materials, counsel shall certify their compliance with this provision and shall serve such certification to counsel for the Designating Party not more than ninety (90) days after the written request to return or destroy Designated Materials.  Counsel who have submitted one or more Certificate(s) prepared pursuant to Section 3 do not need to retain such Certificate(s) past the ninety (90) day period.

13.   No Contract.  This Protective Order shall not be construed to create a contract between the parties or between the parties and their respective counsel.

14.   Court's Retention of Jurisdiction.  The Court retains jurisdiction after final termination of the action prior to trial, to enforce this Stipulation.

15.   Exception for Public Information.  Nothing in this Stipulation shall be deemed in any way to restrict the use of documents or information which are lawfully obtained or publicly available to a party independently of discovery in this action, whether or not the same material has been obtained during the course of discovery in the action and whether or not such documents or information have been designated hereunder.  However, in the event of a dispute regarding such independent acquisition, a party wishing to use any independently acquired documents or information shall bear the burden of proving independent acquisition.

16.   Any material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by a party will be deemed by the Designating Party to this agreement to be authentic and a business record of the Designating Party, and the Designating Party will be precluded from challenging the authenticity of any document so designated at any time during this litigation, including during any necessary collection or appeal proceedings. To the extent that

1  such material is not a business record of the Designating Party and was not created
2  by the Designating Party, the non-producing party for which the material is a
3  business record shall have opportunity to challenge the authenticity of the material
4  so designated.

5       17.    No Prior Judicial Determination. This Order is entered based on the
6  representations and agreements of the parties and for the purpose of facilitating
7  discovery. Nothing herein shall be construed or presented as a judicial
8  determination that any document or material designated Confidential Information
9  or Attorneys' Eyes Only Information by counsel or the parties is entitled to
10 protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise
11 until such time as the Court may rule on a specific document or issue.

12      18.    No Admission.  The designation by a producing Party of Confidential
13 Information or Attorneys Eyes Only Information is intended solely to facilitate the
14 preparation and trial of this action.  Such designation is not an admission by any
15 Party that the designated disclosure constitutes or contains any Confidential
16 Information or Attorneys Eyes Only Information.  Disclosure of Confidential
17 Information or Attorneys Eyes Only Information is not a waiver of any right of the
18 producing Party to object to admissibility.

19      19.    Miscellaneous.

20     (a)     Right to Assert Other Objections. By stipulating to the entry of this
21 Order no Party waives any right it otherwise would have to object to disclosing or
22 producing any information or item on any ground not addressed in this Order.
23 Similarly, no Party waives any right to object on any ground to the use in evidence
24 of any of the material covered by this Order.  Moreover, this Order shall not
25 preclude or limit any Party's right to seek further and additional protection against
26 or limitation upon production of documents produced in response to discovery.

27     (b)     Other Privileges.  Nothing in this  Order shall require disclosure of

28

1  materials that a Party contends are protected from disclosure by the attorney-client

2  privilege or the attorney work-product doctrine.  This provision shall not, however,

3  be construed to preclude any Party from moving the Court for an order directing

4  the disclosure of such materials where it disputes the claim of attorney-client

5  privilege or attorney work-product doctrine.

6       (c)      Self-Disclosure.  Nothing in this Order shall affect the right of the

7  Designating Party to disclose the Designating Party's own Confidential

8  information or items to any person or entity.  Such disclosure shall not waive any

9  of the protections of this Order.

10      (d)      Captions.  The captions of paragraphs contained in this Order are

11  for reference only and are not to be construed in any way as a part of this Order.

12

13  **IT IS SO ORDERED.**

14

15  Dated:  7/20/2015

16                                                    _____

                                                       Honorable John E. McDermott

17                                                    United States Magistrate Judge

18

19

20

21

22

23

24

25

26

27

28

1

## Exhibit A

2

3

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

4

5

6 | UNITED FABRICS INTERNATIONAL, INC.,

7

8 Plaintiff,

9 vs.

10 AGAIN TRADING CORP., a New York

11 Corporation; ROSS STORES, INC., a

12 California Corporation, individually and doing business as "DD'S DISCOUNT";

13 and DOES 1-10,

14 Defendant.

15

Case No.: 2:15-cv-03521-RGK-JEM
*Referred to Honorable Judge John E. McDermott*

[DISCOVERY MATTER]

**[PROPOSED] PROTECTIVE ORDER**

16

17        The undersigned hereby acknowledges that he/she has read the

18 STIPULATED PROTECTIVE ORDER entered in the above captioned litigation,

19 and that he/she fully understands and agrees to abide by the obligations and

20 conditions thereof.

21

22 Dated: _____

23

24

25

26

27

28

_____
(Signature)

_____
(Print Name)

20
[PROPOSED] PROTECTIVE ORDER